## Helon v. Helon, Appellant.

Argued April 17, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Paul N. Barna,* with him *A. C. Scales,* for appellant.

*Vincent R. Smith,* for appellee.

OPINION BY DITHRICH, J., July 20, 1945:

The master appointed in this divorce proceeding recommended that a decree be entered as prayed for on the grounds of cruel and barbarous treatment and indignities to the person. Respondent filed exceptions to the master's report, findings of fact, conclusions of law and recommendation, and after argument before Judge RICHARD D. LAIRD the exceptions were sustained and the libel dismissed.

Libellant then filed a praecipe placing the case on the argument list to be heard by the court en banc. The court en banc consisted of Judges LAIRD and McWHERTER. After argument, "a majority of the court concurring," it was ordered that the exceptions be dismissed and that the master's report and recommendation be confirmed. Although President Judge J. HILARY KEENAN did not sit with the court en banc, he concurred in the "majority" opinion written by Judge McWHERTER. Judge LAIRD dissented. Respondent appealed. The case was submitted without oral argument.

It is incumbent on this court on appeal from a decree of divorce, except after a jury trial, to examine the evidence de novo for the purpose of review and to make an independent finding of the facts: *Esenwein v. Esenwein,* 312 Pa. 77, 167 A. 350; *Langeland v. Langeland,* 108 Pa. Superior Ct. 375, 164 A. 816. After a careful examination and consideration of the evidence in that light, we find that the decree cannot be sustained.

Although the parties were married August 8, 1941, they spent only two nights together at respondent's home until approximately a year later when libellant rented a furnished room and persuaded respondent to go to live with him after she had obtained a nonsupport order of $50 per month. He lived with her in this room for a period of less than three months and then left her and went back to live with his mother and immediately thereafter filed his libel in divorce. There was testimony by respondent to the effect that after she had gone to live in the furnished room with libellant she learned that he had told various persons that he was going to live with her only for the purpose of laying grounds for a divorce.

In order to secure evidence to be used in his divorce action, the libellant engaged the services of a private detective to spy upon respondent, but all he was able to report was that on two occasions during the month of November 1942 he saw her get into an automobile with another man, once at 12 o'clock noon and another time at 11:30 o'clock a.m., and on one occasion saw her in a grille with the same man where they sat drinking from about 9:45 a.m. until about 11 a.m. While this conduct on her part is not to be condoned, we are in accord with the minority opinion that ". . . though there may have been some indiscretions on the part of the respondent . . . they are not sufficient to warrant a divorce on either of the grounds alleged."

The master in his report stated: "To one less schooled in divorce actions and the ability to discriminate between truthful and biased testimony, . . . this case may present some difficulty, especially, in view of the fact of some of the testimony that appears in the record on behalf of the respondent relating to the alleged reason of the libellant in not wanting to live with the respondent prior to September, 1942, (reference is made to the testimony that the libellant was in trouble with a girl from Donora), and also, the testimony relating to the home maintained by the libellant for the respondent, and his

attitude toward the respondent during her sickness and also the testimony to the affect that he was only living with her for the purpose of getting grounds for a divorce, but to the Master it presents no difficulty." We cannot agree that the case "presents no difficulty." That it presented considerable difficulty to the court below is evidenced by the divided court and the majority and minority opinions. "True, the master's report is entitled to the fullest consideration because of his personal contact with the witnesses, but it does not come into court with any preponderating weight or authority which must be overcome by the opposing party." *Langeland v. Langeland,* supra, p. 379, 380.

The decree is reversed and the record remitted with instructions to dismiss the libel.